IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-00679-FL

| | | |
|---|---|---|
| TIFFANY JACOB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FRANK J. BISIGNANO, Commissioner of Social Security | ) ) | |
| Defendant. | ) | |

This matter comes before the court upon the parties' briefs filed pursuant to the court's February 4, 2025, notice under the Supplemental Rules for Social Security Actions. (DE 12). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), Magistrate Judge Robert T. Numbers, II, issued a memorandum and recommendation ("M&R") (DE 17), wherein it is recommended that the court affirm defendant's decision. Plaintiff timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For the following reasons, defendant's decision is affirmed.

**BACKGROUND**

Plaintiff applied for supplemental social security income on March 15, 2022, initially alleging a disability onset date of September 28, 2021. Plaintiff's claim was first denied April 25, 2022 and denied on reconsideration June 16, 2023. An administrative law judge ("ALJ") presided over a hearing December 14, 2023. The ALJ denied plaintiff's claim February 27, 2024. After the Social Security Appeals Council denied plaintiff's appeal, she filed a complaint with the court seeking a reversal of the ALJ's decision, or in the alternative, a remand for a new hearing.

# COURT'S DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).[1] The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, [which] should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir.2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo

---

[1]  Internal citations and quotation marks are omitted from all citations unless otherwise specified.

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the [listed] impairments; (4) the claimant can perform [her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to defendant at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the ALJ found at step one plaintiff had "not engaged in substantial gainful activity since March 15, 2022." (Tr. at 16). At step two, the ALJ found plaintiff's Guillain-Barre syndrome qualified as a severe impairment. (Id.). The ALJ also determined plaintiff's "mental impairments of depression, anxiety, and remote history of cocaine and alcohol use, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere." (Id. at 17). Next, the ALJ found at step three

that plaintiff's impairment did not meet or equal the severity of one of the listed impairments. (Id.).

The ALJ determined plaintiff "has the residual functional capacity [("RFC")] to perform a reduced range of light work." (Id. at 19). Plaintiff can "sit for six hours out of an eight-hour workday, stand and/or walk for four hours out of an eight-hour workday, lift and carry 20 pounds occasionally and 10 pounds frequently, and can push and pull in accordance with those lifting and carrying limitations." (Id.). The ALJ did not include any nonexertional limitations in the RFC. (See id.).

While plaintiff can not return to her past work, the ALJ found that plaintiff could perform jobs such as an "office helper" or "mail clerk." (Id. at 25-27). "A finding of 'not disabled' is therefore appropriate." (Id. at 27).

B.  Analysis

Plaintiff argues the ALJ erred by not addressing "mild Paragraph B limitations in the RFC or explain[ing] the absence of corresponding limitations." (Pl's Br. (DE 13) at 7). Plaintiff relies on Mascio, where the court found because the ALJ failed to explain how the claimant's "moderate limitation in concentration, persistence, or pace" affected his RFC, the case needed to be remanded. 780 F.3d at 638.

In the M&R, the magistrate judge rejected the application of Mascio to mild limitations. (M&R (DE 17) at 11). Moreover, the magistrate judge found even if Mascio did apply, "the ALJ's decision sufficiently conveys his reasoning of why Jacob's mild limitations in interacting and adapting and managing herself require no non-exertional restrictions in the RFC." (Id.).

Plaintiff objects to the M&R on two grounds. First, plaintiff argues Mascio's holding should apply to mild limitations. Second, plaintiff objects to the M&R's conclusion "that

4

plaintiff's mental impairments result[ing] in 'no serious restrictions' and 'no significant limitations' and 'no more than a minimal limitation' explains the lack of mental limitations in the ALJ's assessment of Plaintiff's residual functional capacity." (DE 18 at 2). The court addresses each ground in turn.

1. Mascio's Holding

The Fourth Circuit's holding in Mascio applied to moderate limitations and did not address mild limitations. See 780 F.3d at 638. The court in Mascio stressed the ALJ's opinion there was "sorely lacking in the analysis needed for us to review meaningfully those conclusions." Id. at 636-37. "Because we are left to guess about how the ALJ arrived at his conclusions on Mascio's ability to perform relevant functions and indeed, remain uncertain as to what the ALJ intended, remand is necessary." Id. at 637.

In a subsequent unpublished opinion, the Fourth Circuit acknowledged: "It is unclear whether an administrative law judge must specifically address a claimant's mild impairment in concentration, persistence, or pace in the residual-functional-capacity analysis." Britt v. Saul, 860 F. App'x 256, 262 n.3 (4th Cir. 2021) (emphasis original). Accordingly, the Fourth Circuit has not instructed courts to apply Mascio to mild limitations.

As plaintiff notes, some district courts in this circuit have applied Mascio's holding to mild limitations. See, e.g., Ashcraft v. Colvin, No. 3:13-CV-00417-RLV-DCK, 2015 WL 9304561, at *9 (W.D.N.C. Dec. 21, 2015); Reinhardt v. Colvin, No. 3:14-CV-00488-MOC, 2015 WL 1756480, at *3 (W.D.N.C. Apr. 17, 2015) ("Mascio clearly imposes on the Commissioner a duty to explain why such mild mental health impairments found at step two do not translate into work-related limitations when plaintiff's RFC for work is considered.").

5

However, many other district courts have declined to extend Mascio to mild limitations, including more recently. See, e.g., Gibby v. Comm'r of Soc. Sec., No. 5:22-CV-00151-RJC, 2025 WL 42635, at *3 (W.D.N.C. Jan. 7, 2025); Rena K. v. O'Malley, No. 1:23CV683, 2024 WL 3965278, at *7 (M.D.N.C. Aug. 28, 2024); Spradley v. Saul, No. 1:20CV337, 2021 WL 1739013, at *7 (M.D.N.C. May 3, 2021), report and recommendation adopted, No. 1:20-CV-337, 2021 WL 8322621 (M.D.N.C. June 7, 2021) ("[T]he weight of post-Mascio authority among the district courts in the Fourth Circuit does not favor extending Mascio to mild limitation[s].").

Without direction from the Fourth Circuit, and considering the weight of recent district court authority, the court declines to extend the holding in Mascio to mild limitations. Accordingly, plaintiff's objection on this basis is overruled.

2. Mental Impairments

The M&R states: "the ALJ explained why the RFC required no nonexertional limitations . . . the ALJ determined that Jacob's mental health conditions were not severe impairments. So her mental health conditions cause no more than a minimal limitation on her ability to perform work-related activity. The RFC thus found no nonexertional limitations attributable to Jacob's mental health conditions, even considering them along with her severe impairments." (M&R (DE 17) at 17-18).

Plaintiff objects to this finding, arguing "a 'mild limitation' is not 'no limitation.' Pursuant to the regulations a 'mild limitation' still impacts a claimant's ability to function . . . any restriction in the Paragraph B criteria are potentially significant and outcome-determinative." (DE 18 at 2-3).

In the RFC section of the ALJ's ruling, the ALJ discusses plaintiff's mental impairments. The ALJ discussed plaintiff's psychological examination, where the doctor found plaintiff 's "thought process appeared logical, coherent, and goal directed." (Tr. at 23). Plaintiff "was able to

6

recall five of five words immediately and she could recall four of five words after a brief delay. She could repeat three digits forward and four digits backwards. She was able to perform simple calculations, but she had some difficulty completing serial threes." (Id.). The doctor "opined [plaintiff] had no impairment in her ability to understand, retain, and follow instructions, and to sustain attention to perform simple and repetitive tasks." (Id.).

The ALJ also discussed the findings of two other psychologists. (Id.). "At the initial level, Heather Bradley, Ph.D., a State agency psychological consultant, concluded the claimant had no limitations in understanding, remembering, or applying information; mild limitations in interacting with others; no limitations in concentrating, persisting, or maintaining pace; and no limitations in adapting or managing herself. The consultant found that the claimant did not have a severe mental impairment." (Id.). "At the reconsideration level, Brian Grover, Psy.D., a State agency psychological consultant, concluded the claimant had no limitations in understanding, remembering, or applying information; mild limitations in interacting with others; no limitations in concentrating, persisting, or maintaining pace; and mild limitations in adapting or managing herself." (Id.). The ALJ found: "The experts offered support for their findings, citing objective findings and clinical signs from the record as constituted at the time their findings were made." (Id.).

Based on these findings, the ALJ "buil[t] an accurate and logical bridge from th[is] evidence to his conclusion." Monroe, 826 F.3d at 189. In the RFC section, the ALJ recounts the findings of multiple psychologists and why the ALJ found those findings credible.

The ALJ found plaintiff had "mild limitation" in interacting with others and "adapting or managing oneself." (Tr. at 13). Plaintiff's "mental impairments of depression, anxiety, and remote history of cocaine and alcohol use, considered singly and in combination, do not cause more than

7

minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere." (Id. at 17). Accordingly, the ALJ adequately explains why these mild impairments did not result in nonexertional limitations, because these mild impairments do not cause more than minimal limitations in plaintiff's ability to work.

As plaintiff argues, "a mild limitation is not no limitation." (DE 18 at 2). However, the ALJ adequately explained that these mild limitations did not more than minimally affect plaintiff's capacity. This is not a case like Mascio where the court is "left to guess about how the ALJ arrived at his conclusion[]." 780 F.3d at 637. Rather, the ALJ's ruling sufficiently explains his ruling on plaintiff's RFC "to permit meaningful judicial review." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983).

In sum, the ALJ adequately explained the lack of mental limitations in the analysis of plaintiff's RFC.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 17), and the final decision of the Commissioner is AFFIRMED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 17th day of December, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge